## The People of the State of Illinois, Appellants, v. Hugh L. Hart et al., Appellees.

### Gen. No. 5249.

INJUNCTIONS—*when bill does not state case justifying the restraining of the obstruction of a street by hacks, etc. Held,* that the bill of complaint in this case did not state such a case as showed that the use of a portion of a street as a hack stand, etc., was unlawful or constituted a nuisance, and that the dismissal of the bill was proper.

Bill in equity. Appeal from the Circuit Court of Peoria county; the Hon. LESLIE D. PUTERBAUGH, Judge, presiding. Heard in this court at the October term, 1909. Affirmed. Opinion filed March 11, 1910.

ROBERT SCHOLES, for appellant; KIRK & SHURTLEFF, of counsel.

GRANVILLE A. HULTZ and C. R. BIRKETT, for appellees.

MR. JUSTICE THOMPSON delivered the opinion of the court.

The People of the State of Illinois, on the relation of the state's attorney of Peoria county on behalf of the public, and also upon the relation of one David M. Mayer, a citizen and resident of the city of Peoria who appeared in his own behalf, as well as in behalf of other residents of the city of Peoria, filed a bill in equity against Hugh L. Hart and eighty-seven other defendants, praying that the defendants and all other persons be restrained from obstructing Adams and Hamilton streets, in front of and adjacent to the court house square in the city of Peoria by using that locality as a hack stand.

The bill alleges the platting of the city and the dedication of the streets; that Adams street runs northeasterly and southwesterly through the heart of the city of Peoria, and Hamilton street crosses Adams street at right angles; that both these streets are main public highways and intersect each other at the southeasterly corner of the public square, known as the court house square of the city of Peoria, in the heart of the city; that in addition to constant team and wagon traffic, each is traversed by street cars; that the general public and people of the city have now and ever had the right to the unobstructed use and enjoyment of passage of the full width of said streets as public highways; that the defendants and other parties unknown by name, have been unlawfully using and obstructing said streets adjacent to the court house square for their own private business in carrying on their several vocations as hackmen, cabmen, draymen and expressmen, to the injury, inconvenience, annoyance and obstruction of the public, by standing, stationing and storing their several respective horses and vehicles, when the same are idle

while waiting for and soliciting patronage in their respective lines of business, and that said streets at the places named are made a stand for hacks, express wagons, etc., amounting in law to a public nuisance; that such private use and obstruction of said streets has been acquiesced in for so long a time that it would be inequitable to institute legal proceedings of a criminal nature for the recovery of a fine against any of the persons so using said streets, and such causes of action would necessitate a multiplicity of suits and a large expenditure of public money. The bill prays for a writ of injunction restraining the defendants from occupying or obstructing said highways for any private uses. The defendants demurred to the bill, and for special causes of demurrer assigned that there is a complete and adequate remedy at law, and that the bill fails to allege any injuries to property, the public welfare, or the public in general, and that under the powers given to cities the city of Peoria has jurisdiction and complete control of the streets. The court sustained the demurrer; and, the complainants abiding by their bill, the bill was dismissed for want of equity, and the complainants appeal.

The appellants based their cause of action for the abatement of the alleged nuisance on section 221 of the criminal code, which makes it a public nuisance to obstruct or encroach upon public highways, streets, etc. The demurrer admits only such facts as are well pleaded. The bill, while alleging that said streets are in the heart of the city of Peoria, alleges that defendants are obstructing said streets adjacent to the court house square for their own private use by maintaining a hack stand on said streets adjacent to the court house square, to the detriment and inconvenience of the public. This allegation is simply the allegation of a conclusion, and does not allege any facts which show any inconvenience or detriment either to the public or to the owners of adjacent property.

There is neither any allegation as to the width of

the streets or that there is not ample room and space remaining for any person desiring to use said street; neither is any fact alleged showing that any person is injured or incommoded by the hack stand at that place, nor is it alleged that the acts of the defendants are not with the permission or consent of the city. There is no allegation of any taking or any appropriation of any part of the estate itself, in whole or in part, and the injury complained of is the infliction of damages in respect to the complete enjoyment thereof by that part of the public other than the defendants. The fee of the streets is in the city, in trust for the use of the public; the city may allow any use of them consistent with the public objects for which they are held, and may permit vaults or even rent space beneath the surface for vaults, etc. Gregsten v. City of Chicago, 145 Ill. 451. The streets are for the use of the public in matters pertaining to public travel, and hacks and cabs are public travel conveniences. Paragraph 63, section 9, of the City and Village Act, gives to cities the power and right to regulate the use of streets. This is not an abdication by the state of its authority to enforce the law, but gives to the city the right to control the use of streets in accordance with law. Section 10 of the same paragraph gives to cities and villages the right to prevent and remove encroachments or obstructions from streets. In the case of Penn. Co. v. City of Chicago, 181 Ill. 289, it was held that a city has no authority to grant the exclusive use of streets to any private person or for any private purposes, but must hold and control them exclusively for public use, and that city councils may establish hack stands in a public street in front of railroad depots, which are in the nature of public buildings, so long as access to and egress from the buildings are not prejudicially interfered with, and that the use of a street with the consent or acquiescence of the municipal authorities cannot be enjoined at the suit of an abutting owner, nor can

he invoke the remedy of injunction for the protection of the public and under that guise seek to protect himself. The use of a street by hackmen would not appear to be any different from the use of it by the owner of a private carriage; if the driver of the hack may be enjoined from standing on the street with his hack by the court house square the driver of an omnibus or cab might be enjoined from standing at the entrance to a hotel at certain times when he is accustomed to receive or unload passengers to and from trains. The statute with reference to obstructing or encroaching upon streets has reference to a more permanent obstruction than that complained of or by some immovable object. A conveyance for use of the public with the horse attached, accompanied by the driver, simply waiting for patronage and not unreasonably interfering with public travel, is not within the meaning of the statute.

The allegation that a hack stand is a nuisance is an allegation of a conclusion, which requires the further allegation of such facts as will show that the defendants interrupt or incommode persons having occasion to use the streets. There is no statement of facts showing any continued hindrances or obstruction to public travel or substantial and consequential injury to the public use of the street.

Appellants allege that defendants have so long used the streets adjacent to the court house square for a hack stand, that it would be inequitable to prosecute them at law under the statute. If the defendants by their acts infringe upon the criminal code, the facts that there may be many of them, or that they have done it for a long time, do not appeal to us as reasons for invoking the power of a court of chancery instead of a court of law. There is no allegation of danger of any irreparable injury being inflicted upon the appellants by the alleged action of the appellees and there is no reason why the remedial power of a court

of chancery should be invoked. The appellants should enforce the criminal code in the proper manner, if it is being violated by appellees, in a court of law, where the appellees may have their right of trial by jury. The decree is affirmed.

*Affirmed.*